Gloria Grening Wolk and Bialkin Books v. Life Partners, Inc.















IN THE
TENTH COURT OF APPEALS
 

No. 10-00-048-CV

     GLORIA GRENING WOLK
     AND BIALKIN BOOKS,
                                                                         Appellants
     v.

     LIFE PARTNERS, INC.,
                                                                         Appellee
 

From the 170th District Court
McLennan County, Texas
Trial Court # 99-181-4
                                                                                                                
                                                                                                         
MEMORANDUM OPINION
                                                                                                                

      On June 15, 2000, Appellant Gloria Grening Wolk, individually and D/B/A Bialkin
Books, and Appellee Life Partners, Inc. filed a motion to dismiss this appeal. In relevant
portion, Rule 42.1(a) of the Texas Rules of Appellate Procedure provides:
(a) The appellate court may dispose of an appeal as follows:
 
            (1) in accordance with an agreement signed by all parties or their attorneys
and filed with the clerk; or
 
(2) in accordance with a motion of appellant to dismiss the appeal or affirm
the appealed judgment or order; but no other party may be prevented from
seeking any relief to which it would otherwise be entitled. 
Tex. R. App. P. 42.1(a).
      The joint motion was signed by the parties’ attorneys. In the motion, the parties state that
they have reached a settlement agreement and ask that we tax the costs against Appellant. 
Accordingly, this cause is dismissed with costs to be taxed against appellant Gloria Grening
Wolk.
 
                                                                   PER CURIAM

Before Chief Justice Davis,
      Justice Vance, and
      Justice Gray
Dismissed
Opinion delivered and filed July 5, 2000
Do not publish



sked whether
Nelson ever had any sexual contact with her, Nelson "renew[ed his] objection." The court again
overruled the objection and allowed Graham to testify that throughout her childhood Nelson
repeatedly fondled her vagina and masturbated in front of her.
          Initially, we find that this objection, especially when considered in light of the State's
question, was sufficient to apprise the court of the specific complaint. See Lankston v. State, No.
1094-90, slip op. at 2 (Tex. Crim. App. Mar. 4, 1992) (holding that to avoid forfeiture of a
complaint on appeal a party must let the judge know—at a time when the judge is in the proper
position to do something about it—what he wants and why he is entitled to it). We have,
furthermore, already determined that unadjudicated acts of misconduct are inadmissible at the
punishment phase of a non-capital trial. See Blackwell v. State, 818 S.W.2d 134, 140-41 (Tex.
App.—Waco 1991, no pet.). Accordingly, the court erred when it overruled Nelson's objection
and allowed Graham to testify about her sexual encounters with him.
          Having determined that the court erred, we must now decide whether the error was
harmful. See Tex. R. App. P. 81(b)(2). Aggravated sexual assault, a first-degree felony, is
punishable by "life or for any term not more than 99 years or less than 5 years." Tex. Penal
Code Ann. § 12.32(a) (Vernon Supp. 1992). The jury assessed Nelson's punishment at 99 years
in prison.
          The complainant's testimony about the sexual assault was virtually unchallenged. Teague's
testimony at the punishment phase, which was not objected to, that Nelson, her father, sexually
assaulted her throughout her childhood certainly had a severe impact upon the jury. Graham's
testimony, which was improperly admitted, did two things. First, it substantiated Teague's
characterization of Nelson as a habitual offender. And second, it placed evidence from another
victim before the jury. 
          We cannot determine beyond a reasonable doubt that only the testimony by the complainant
and Teague caused the jury to assess Nelson, who was tried as a first-time offender, 99 years in
prison. See Tex. R. App. P. 80(b)(2); Harris v. State, 790 S.W.2d 568, 585-88 (Tex. Crim. App.
1989). We sustain Nelson's first and second points.
          Having found no error affecting guilt-innocence but concluding that the court erred during
the punishment phase by admitting evidence of unadjudicated acts of misconduct, we affirm
Nelson's conviction but reverse the portion of the judgment sentencing him and remand that cause
for a new punishment hearing under article 44.29(b). See Tex. Code Crim. Proc. Ann. art.
44.29(b) (Vernon Supp. 1991).
 
                                                                                 BOB L. THOMAS
                                                                                 Chief Justice

Before Chief Justice Thomas,
          Justice Cummings, and
          Justice Vance
Affirmed in part and reversed 
          and remanded in part
Opinion delivered and filed March 18, 1992
Do not publish